Before STATE INDUSTRIAL BOARD, Respondent.

DOMENICO ESONI, Respondent, *v.* TISDALE LUMBER COMPANY,
Appellant.

Third Department, May 6, 1925.

**Workmen's compensation — award — award to widow commuted on
ground she was about to become non-resident — subsequent award to
non-resident father cannot be made under Workmen's Compensation
Law, § 17 — phrase " about to become non-resident," as applied to
widow, does not refer to time of accident.**

An award cannot be made, under section 17 of the Workmen's Compensation
Law, to the non-resident father of a deceased employee, where an award made
to the widow of the employee has been commuted under said section on the
ground that she was about to become a non-resident of the United States.

The phrase " about to become non-resident," as applied to a widow, does not
refer to the time of the accident or the death of the husband. It was the
intention of the Legislature to bar the payment of moneys to an alien father or
mother in a foreign land whenever a wife or child resided therein or intended to
depart therefor.

APPEAL by Tisdale Lumber Company from an award of the
State Industrial Board, made on the 18th day of December, 1924.

*Jeremiah F. Connor,* for the appellant.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-
General, of counsel], for the respondents.

*Ralph Atkins,* for the Italian Consul, representing the claimant,
respondent.

H. T. KELLOGG, J.:

The employee, Galzino Esoni, on October 19, 1921, while in
the course of his employment, sustained an accident, arising from
the employment, which caused his death on the same day. On
November 22, 1921, an award was made to Maddelina Esoni, his
widow. On February 24, 1922, the widow made an application for
the commutation of the award. She set forth in her papers that
she was an alien and was about to leave the United States for Italy.
On April 11, 1922, the Industrial Board, acting under section 17 of
the Workmen's Compensation Law of 1914 (as amd. by Laws of
1916, chap. 622), directed that one-half the future installments pay-
able, as commuted, be paid to the widow. On December 18, 1924,
the Board made an additional award to this claimant, Domenico
Esoni, the father of Galzino Esoni, and a non-resident alien. (See
also, Workmen's Compensation Law of 1922, § 17.)

It is provided in section 17 of the Workmen's Compensation Law

of 1922 as follows: " Compensation under this chapter to aliens not residents (or about to become nonresidents) of the United States or Canada, shall be the same in amount as provided for residents, except that dependents in any foreign country shall be limited to surviving wife and child or children, or, if there be no surviving wife or child or children, to surviving father or mother whom the employee has supported, either wholly or in part, for the period of one year prior to the date of the accident, and except that the Commission may, at its option, or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Commission." It will be observed that an award may be made to a father or mother, who are non-resident aliens, only in case that " there be no surviving wife or child or children." These words, unqualified by other words in the section, would bar an award to this father, since there was in fact a surviving wife. The claimant, in order to succeed then, requires the interpolation of qualifying words. He suggests that we borrow from the first clause of the section the words " not residents." But these words are immediately followed by the alternative words " or about to become nonresidents." If we qualify with the former we must qualify with the latter. Thus the utmost which we may do is to construe the section as if it provided for an award to father or mother, non-resident aliens, when, and only when, there are " no surviving wife or child or children " who are " aliens not residents (or about to become non-residents)." Even this construction, however, would bar the claimant, since, at the time the award was made to him, there was an alien widow who was " about to become " non-resident. Clearly, the question whether a widow is " about to become " non-resident is not to be determined as of the date of the accident, or the death of the husband. The Legislature could not have intended to provide solely for that rare case where a wife, the moment her husband is hurt or dies, immediately forms a definite intention to flee to a foreign land. We think it intended to bar the payment of moneys to an alien father or mother in a foreign land whenever a wife or child resided therein or intended to depart therefor.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.